OPINION
{¶ 1} Deborah Kogler ("Kogler") appeals the decision of the Lake County Court of Common Pleas denying her request for a jury view. Kogler also appeals the trial court's jury instructions given at the conclusion of the trial. For the reasons stated below, we affirm the decisions of the trial court in this matter.
 {¶ 2} On October 9, 2000, Daniel Brothers Fuel Company ("Daniel Brothers") accidentally delivered 20 gallons of fuel oil to Kogler's residence. Daniel Brothers pumped the oil into Kogler's basement through on old pipe on the side of the house. After Kogler returned home that evening to the discover the spill, she contacted the fire department. The fire department arrived at Kogler's residence and washed the oil down the drain. The spill caused obnoxious odors to permeate throughout the residence, even after the initial clean-up.
 {¶ 3} Kogler spent the next three nights at the residence and attempted to conduct further cleaning. For these three nights, Kogler's furnace was turned off although the temperature was in the 30s. On October 13, 2000, Kogler hired a cleaning company to complete the cleaning of her residence. On that same day, Kogler was advised by the cleaning company and the Environmental Protection Agency that she should vacate the residence. As a result, Kogler moved from her residence. The cleaning company spent several weeks attempting to clean the residence and remove the odor without success.
 {¶ 4} In the following 15 months, Kogler was unable to occupy her residence because of the odor. In this time, Kolger moved four separate times. Kogler purportedly incurred damages for the cleaning of items from her residence (i.e. clothing, etc.), as well as medical and veterinary care for her and her dog.
 {¶ 5} Kogler eventually initiated a negligence action against Daniel Brothers. The matter proceeded to trial on May 20, 2002. Prior to trial, on January 28, 2002, Kogler moved for a jury view of her home. The trial court denied Kogler's motion for a jury view on March 5, 2002. On May 16, 2002, Kogler moved the trial court to reconsider her motion for a jury view. The trial court denied Kogler's motion for reconsideration on May 22, 2002.
 {¶ 6} Prior to trial, Kogler submitted a trial brief that disclosed her intention to obtain annoyance and discomfort damages. Kogler did not, however, submit any written proposed jury instructions.
 {¶ 7} During the trial, Kogler proffered testimony from Steve Murphy ("Murphy"), a claims specialist with State Farm Insurance ("State Farm"), Kogler's home owner's insurance carrier. Murphy testified that State Farm paid approximately $26,000 in its attempts at cleaning Kogler's residence and ridding the residence of the odor. Kogler also proffered the testimony of Kurt Ruff ("Ruff"), a representative of RestorX MD, a company that was hired to attempt to clean Kogler's residence. Ruff testified during direct examination that RestorX MD was paid roughly $28,000 from State Farm for the work performed.
 {¶ 8} During the trial, Kogler proffered extensive testimony regarding the odor from the spill. James Ulle, a fire fighter who was present at Kogler's residence, testified that the odor was "noticeable." Ruff testified regarding the odor and its persistence, even after RestorX MD's cleaning efforts. Matthew Knecht ("Knecht"), an expert environmental consultant hired to obtain samples from the residence and develop a plan to remediate the residence, opined regarding the source of the odor and its extent. Murphy testified that the odor was "very very strong and pungent." Kogler testified extensively about the persistence of the odor throughout the whole ordeal. Edward Hinchey, Daniel Brothers' expert witness, even admitted that the odor was moderate to strong seven months after the spill. Kogler also submitted at trial various personal items that had been infected with the odor, but had not been cleaned, which the jury was entitled to take into the jury room and inspect during deliberations.
 {¶ 9} Prior to closing arguments, a discussion occurred in the court's chambers regarding jury instructions. The following exchange took place between Kogler's attorney and the court:
 {¶ 10} "MR. WEAVER: In my trial brief I requested an instruction that the jury be allowed to consider evidence of annoyance, inconvenience and discomfort so the Court has determined that this is not an appropriate instructions in this case, I want to preserve my objection to that ruling for the record because I did request it in there and I think it's appropriate, that's all.
 {¶ 11} "THE COURT: And the Court's ruling Horrisberger * * * vs. Mohlmaster * * *, and * * * Reeser * * * vs. Weaver Brothers, Inc., and * * * quoting page 6 and 7 that you have to be the actual occupant of the property during the time that the damage is ongoing to suffer a loss of discomfort and annoyance, that the plaintiff in this case is entitled to the, to the damages for the negligence and they're responsible for the damages for loss of use but not for discomfort and annoyance."[1]
 {¶ 12} Thus, the trial court refused to instruct the jury on annoyance and discomfort damages. The court's jury instruction did contain the following excerpt:
 {¶ 13} "You have heard the testimony that the State Farm Insurance Company paid $28,500.00 to have cleanup work performed on the plaintiff's residence and additional amounts for living expenses. If you find for the plaintiff against the defendant and award damages you may not include in any award the amounts paid by the insurance company."
 {¶ 14} On May 21, 2002, the jury returned a verdict in favor of Kogler for $50,000. The trial court reduced the verdict to a judgment on May 22, 2002. Kogler filed a motion for judgment notwithstanding the verdict or, alternatively, a new trial on June 3, 2002. The trial court denied Kogler's motion on July 17, 2002.
 {¶ 15} Daniel Brothers forwarded the $50,000 to Kogler. On November 22, 2002, Kogler voluntarily filed a notice of satisfaction of judgment with the trial court.
 {¶ 16} Kogler timely appealed and raises the following assignments of error:
 {¶ 17} "[1.] The trial court erred by failing to give a jury instruction that appellant was entitled to compensation for annoyance, inconvenience and personal discomfort.
 {¶ 18} "[2.] The trial court erred by instructing the jury that they could not award damages to appellant in the amounts paid by the insurance company, in contradiction with the collateral source rule.
 {¶ 19} "[3.] The trial court erred by denying appellant's request to allow the jury to view appellant's damaged home, since the seriousness of the damages was due to noxious fumes and neither testimony nor photographs could adequately portray that condition to the jury."
 {¶ 20} Daniel Brothers argues in its brief that Kogler's appeal "must be dismissed because appellant executed a satisfaction of judgment thereby rendering her appeal moot or terminating her right to appeal." Thus, before we examine the merits of Kogler's assignments of error, we must dispose of the mootness argument.
 {¶ 21} "It is a well-established principle of law that a satisfaction of judgment renders an appeal from that judgment moot."Blodgett v. Blodgett (1990), 49 Ohio St.3d 243, 245. If a "judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away * * * the right to appeal or prosecute error
or even to move for vacation of judgment." Lynch v. Lakewood City SchoolDist. Bd. of Edn. (1927), 116 Ohio St. 361, paragraph three of the syllabus (emphasis added). Likewise, accepting payment of the judgment renders an appeal from that judgment moot. See Mason v. Mason, 8th Dist. Nos. 80368, 80407, 2002-Ohio-6042, at ¶¶ 4-5; see, also, Clear CreekPartnership v. Lebeau (Apr. 28, 1998), 10th Dist. Nos. 97APE04-568, and 97APE04-069, 1998 Ohio App. LEXIS 1890, at * 12, citing Darwish v.Harmon (1992), 91 Ohio App.3d 630, 632-633 ("A party cannot pursue an appeal on damages issues for which such party has been fully compensated."). Thus, "[i]f an appellant neglects to obtain a stay of the judgment, the nonappealing party has the right to attempt to obtain satisfaction of the judgment even though the appeal is pending." AtlanticMtge. Invest. Corp. v. Sayers, 11th Dist. No. 2000-A-0081, 2002-Ohio-844, 2002 Ohio App. LEXIS 856, at *5 (citation omitted); Alanv. Burns, 9th Dist. No. 3271-M, 2002-Ohio-7313, at ¶ 7. Consequently, when "the nonappealing party is successful in obtaining satisfaction of judgment, the appeal must be dismissed because the issues raised in the appeal have become moot." Hagood v. Gail (1995),105 Ohio App.3d 780, 785; see, also, Atlantic Mtge., 2002 Ohio App. LEXIS 856, at *5 (citation omitted).
 {¶ 22} In her reply brief, Kogler relied on the holding in Fed.Land Bank of Louisville v. Wilcox (1991), 74 Ohio App.3d 474, that payment of a judgment, "without other proof that payment constitutes a voluntary abandonment," does not render the issues raised on appeal moot. Id. at 478. This court, however, has specifically rejected the holding of Wilcox. Hagood, 105 Ohio App.3d at 786-788.
 {¶ 23} Kogler claims the satisfaction was filed without prejudice to this appeal. However, neither the Ohio Civil Rules, nor case law provide an appellant with the right to satisfy a monetary judgment "without prejudice" to a pending appeal. The Civil Rules provide an appellant with the opportunity to seek a stay of the lower court's judgment pending appeal. Civ.R. 62(B). Courts have consistently recognized such a stay as the proper remedy for an appellant seeking appellate redress of an allegedly erroneous monetary judgment. Hagood,105 Ohio App.3d at 785; Atlantic Mtge., 2002 Ohio App. LEXIS 856, at *5;Burns, 2002-Ohio-7313, at ¶¶ 6-7. These cases are soundly grounded on mootness. Reversal of a judgment entry that has already been satisfied "would be ineffectual in affording any relief to the appellant." Kelm v.Hess (1983), 8 Ohio App.3d 448. A satisfaction of judgment "puts an end to the controversy, and takes away * * * the right to appeal or prosecuteerror." Blodgett, 49 Ohio St.3d at 245 (emphasis added) (citation omitted). Even if this court addressed the merits and reversed the decision, Kogler would not be entitled to any relief.
 {¶ 24} In this case, Kogler has failed to obtain a stay of execution. Further, Daniel Brothers, as the non-appealing party, has successfully obtained a satisfaction of judgment. Thus, an appeal of that judgment is now moot.
 {¶ 25} For the foregoing reasons, we conclude that an appeal of the satisfied judgment is moot. Thus, we will not consider Kogler's assignments of error. The judgment of the Lake County Court of Common Pleas is affirmed.
Judgment affirmed.
Cynthia Westcott Rice, J., concurs.
William M. O'Neill, dissents with a dissenting opinion.
[1] The trial court required Kogler to be actually present when the spill occurred in order to be classified as an occupant for purposes of annoyance and discomfort damages. An occupant, however, includes "one who is in possession of premises," Reeser v. Weaver Bros., Inc (1992),78 Ohio App.3d 681, 693 (emphasis sic), and, thus, is not merely limited to those occupants who are physically present at the time of the incident. Moreover, annoyance and discomfort damages may be recoverable when the occupant's use of the residence is encumbered. See Frey v. QueenCity Paper Co. (1946), 79 Ohio App. 64, 72 (citation omitted).