{¶ 12} For the reasons that follow, I respectfully dissent from the majority's opinion.
 {¶ 13} In this case, the trial court set aside a judgment for a failure of notice of hearing and the entry of the judgment resulting from that hearing as void. Now this court is precluding challenge to the reopening of the underlying proceeding because we say the time for direct appeal of the 60(B) judgment has passed. We now have the anomalous situation of a judgment, even if subject to challenge as originally void, satisfied at least in part by ratifying voluntary payment by the judgment debtor. The judgment creditor then filed a satisfaction of judgment. "If a `judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away * * * the right to appeal or prosecute error or even to move for vacation of judgment.'"Kogler v. Daniel Bros. Fuel Co., 11th Dist. No. 2002-L-122, 2003-Ohio-6774 at ¶ 21 (citing Lynch v. Lakewood City SchoolDist. Bd. of Edn. [1927], 116 Ohio St. 361, 156 N.E. 188). Since there is now no judgment to reopen, the 60(B) judgment reopening is no less void and is subject to challenge as void regardless of the time for appeal. A void judgment is, for want of a better word, void. Thus, I would reverse in all respects.