[Cite as *MHN SUB I, L.L.C. v. Donnelly*, 2014-Ohio-4128.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| MHN SUB I, LLC, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2014-L-031** |
| LAWRENCE A. DONNELLY, JR., et al., | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 13 CF 001265.

Judgment: Appeal Dismissed.

*Miranda S. Hamrick* and *Melanie D. Butler*, Lerner, Sampson & Rothfuss, 120 East Fourth Street, Suite 800, P.O. Box 5480, Cincinnati, OH 45202 (For Plaintiff-Appellee).

*Jay F. Crook*, Shryock, Crook & Associates, LLP, 30601 Euclid Avenue, Wickliffe, OH 44092 (For Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Appellant, Lawrence A. Donnelly, Jr., appeals from the February 21, 2014 judgment of the Lake County Court of Common Pleas, denying his Civ.R. 60(B) motion to vacate the judgment and decree in foreclosure and his emergency ex parte motion to stay the sheriff's sale.

{¶2} On March 16, 2005, appellant executed a note with CitiFinancial Mortgage Company, Inc. ("CitiFinancial") in the amount of $189,795.89 plus interest for property located at 7254 Argee Drive, Mentor, Lake County, Ohio 44060. Appellant also granted

a mortgage to CitiFinancial to secure the note. Attached to and made part of the note is an allonge transferring CitiFinancial's interest in the note to appellee, MHN Sub I, LLC, by means of a special endorsement. On January 16, 2013, appellee was assigned the mortgage.

{¶3} Following appellant's default on his payments, appellee filed a complaint in foreclosure on June 7, 2013.[1] As of the date of the complaint, there was a balance owed to appellee in the amount of $181,174.61 plus interest. Appellant did not file an answer. As a result, appellee filed a motion for default judgment on September 27, 2013. The trial court granted appellee's motion and filed a judgment and decree in foreclosure on September 30, 2013. Appellant did not appeal that judgment.

{¶4} Appellee filed a praecipe for order of sale on October 11, 2013. The order of sale was issued to the Lake County Sheriff on October 22, 2013. On November 8, 2013, appellant filed a Civ.R. 60(B) motion to vacate the September 30, 2013 judgment and decree in foreclosure. Appellee filed an opposition. Appellant filed a reply.

{¶5} On January 21, 2014, the property was appraised at $144,000. On January 30, 2014, a notice of sheriff's sale was filed. The sale was scheduled to take place on February 24, 2014 at 10:00 a.m. On February 18, 2014, appellant filed an emergency ex parte motion to stay the sale. Three days later, appellee filed an opposition.

---

1. Appellee held both the note and mortgage at the time of filing the complaint. Appellee named the following defendants: appellant; Anne Marie S. Donnelly; Jane Doe; Lake County Treasurer; State of Ohio, Department of Taxation; Chase Bank USA, NA; and Midland Funding LLC. However, only appellant is a named party to this appeal.

**{¶6}** On February 21, 2014, the trial court denied appellant's Civ.R. 60(B) motion to vacate and his emergency ex parte motion to stay the sheriff's sale. As a result, the sale was held as scheduled and the property was sold to appellee. Thereafter, appellant timely appealed the trial court's February 21, 2014 judgment. He asserts the following assignment of error:[2]

**{¶7}** "The trial court abused its discretion in denying Mr. Donnelly's motion to vacate the default judgment."

**{¶8}** At the outset, we note that while this appeal was pending, appellee filed a motion to dismiss the appeal.[3] In that motion, as well as in its appellate brief, appellee stresses that a satisfaction of judgment and the failure to file a motion to stay pending appeal renders appellant's appeal moot and thereby terminates his right to appeal. In response, appellant asserts his appeal is not moot. Appellant claims the trial court lacked jurisdiction to execute on the judgment once the notice of appeal was filed and, in the alternative, that the confirmation of sale cannot be considered to be voluntary satisfaction. Thus, before we examine the merits of appellant's assignment of error, we must dispose of the mootness argument.

**{¶9}** In foreclosure proceedings such as this, if a stay is not sought by and granted for the borrower, it becomes possible for any appeal of judgment in favor of the lender to become moot. "'It is a well-established principle of law that a satisfaction of judgment renders an appeal from that judgment moot.'" *Kogler v. Daniel Bros. Fuel Co.*,

---

2. On May 15, 2014, appellee filed a motion for confirmation of sale and distribution of proceeds. On June 16, 2014, the trial court granted appellee's motion and filed an entry of confirmation.

3. Specifically, appellant filed his notice of appeal on March 21, 2014. Appellant filed his brief on June 26, 2014. Appellee filed its motion to dismiss the appeal on July 17, 2014 and its brief on August 5, 2014. Appellant filed his brief in opposition to the motion to dismiss on August 7, 2014 and his reply brief on August 21, 2014. Appellee filed its reply in support of its motion to dismiss on August 25, 2014.

11th Dist. Lake No. 2002-L-122, 2003-Ohio-6774, ¶21, quoting *Blodgett v. Blodgett*, 49 Ohio St.3d 243, 245 (1990). In a situation where a "'judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away (* * *) the right to appeal or *prosecute error* or even to move for vacation of judgment.'" *Kogler, supra,* at ¶21, quoting *Lynch v. Lakewood City School Dist. Bd. of Edn.*, 116 Ohio St. 361, paragraph three of the syllabus (1927) (emphasis sic). "'[T]he mere filing of a notice of appeal from the judgment of the trial court without a stay of execution being issued does not deprive the trial court of authority to enforce its judgment.'" *Atlantic Mtge. & Invest. Corp. v. Sayers*, 11th Dist. Ashtabula No. 2000-A-0081, 2002 Ohio App. LEXIS 856, *4 (Mar. 1, 2002), quoting *White v. White*, 50 Ohio App.2d 263, paragraph five of the syllabus (8th Dist.1977).

{¶10} Thus, the result of an appellant failing to obtain a stay of the judgment is that the nonappealing party can obtain satisfaction of the judgment despite the pending appeal. *Marotta Bldg. Co. v. Lesinski*, 11th Dist. Geauga No. 2004-G-2562, 2005-Ohio-558, ¶18, citing *Sayers, supra,* at *6. "Consequently, when 'the nonappealing party is successful in obtaining satisfaction of judgment, the appeal must be dismissed because the issues raised in the appeal have become moot.'" *Kogler, supra,* at ¶21, quoting *Hagood v. Gail*, 105 Ohio App.3d 780, 785 (11th Dist.1995).

{¶11} Civ.R. 62 gives an appellant an avenue to prevent the nonappealing party from satisfying its judgment. Civ.R. 62(B), "Stay upon appeal," states:

4

{¶12} "When an appeal is taken the appellant may obtain a stay of execution of a judgment or any proceedings to enforce a judgment by giving an adequate supersedeas bond. The bond may be given at or after the time of filing the notice of appeal. The stay is effective when the supersedeas bond is approved by the court."

{¶13} In this case, appellant asserts the trial court lacked jurisdiction to execute on the judgment once he filed an appeal and, in the alternative, that the confirmation of sale cannot be considered to be voluntary satisfaction.[4] For the reasons that follow, we disagree.

{¶14} As stated, the trial court filed a judgment and decree in foreclosure on September 30, 2013. Appellant filed a Civ.R. 60(B) motion to vacate on November 8, 2013. A sheriff's sale was scheduled to take place on February 24, 2014. Appellant filed an emergency ex parte motion to stay the sheriff's sale on February 18, 2014. On February 21, 2014, the trial court denied appellant's Civ.R. 60(B) motion to vacate and his emergency ex parte motion to stay the sheriff's sale. As a result, the sheriff's sale was held as scheduled and the property was sold to appellee.

{¶15} Appellant filed a notice of appeal on March 21, 2014. Thereafter, appellee filed its motion for entry of confirmation of sale on May 15, 2014, and the trial court recorded the entry confirming the sale on June 16, 2014. Thus, appellee succeeded in satisfying the judgment granted in its favor.

---

4. In support, appellant relies, inter alia, on *State ex rel. Electronic Classroom of Tomorrow v. Cuyahoga Cty. Court of Common Pleas*, 129 Ohio St.3d 30, 2011-Ohio-626 (a mandamus action involving political subdivision immunity) and *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215 (a juvenile matter involving a delinquent child). Upon review, neither fact pattern and/or law are on point with the instant foreclosure matter.

**{¶16}** We note that appellant did not file a motion to stay the execution of the underlying judgment pending appeal after filing his notice of appeal. Likewise, appellant did not post a supersedeas bond after filing this appeal. Appellant even concedes that he did not file and/or attempt to file a motion to stay at any point after he filed his notice of appeal. Appellant incorrectly attempts to use the prior motion to stay the sale pending the trial court's review of the Civ.R. 60(B) motion to vacate as a means to also stay the appeal which was nonexistent at the time.

**{¶17}** The record establishes that appellant failed to follow Civ.R. 62(B) by "obtaining" a stay and/or posting a supersedeas bond. Because appellant did not "obtain" a stay, appellee had the right to attempt to receive satisfaction of the judgment even though the appeal was pending. *Marotta, supra,* at ¶18; *see also JPMorgan Chase Bank, NA v. Ritchey*, 11th Dist. Nos. 2007-L-017 and 2007-L-018, 2007-Ohio-5913, ¶6; *www.merriam-webster.com* (defining "obtain" as "to gain or get," "attain," "succeed," or "prevail.")

**{¶18}** In the related context of an order confirming a sale, "'(w)ithout a stay order and/or bond, the property can legally be transferred to the purchasers and the proceeds can be used to satisfy the debts against the property.'" *Cooper v. Westerville*, 5th Dist. Delaware No. 13 CAE 02 0011, 2013-Ohio-4652, ¶17. "[T]his court has stated that a party is deemed to have acted voluntarily in satisfying a judgment when the party fails to seek a stay order prior to the judgment's being satisfied." *See Marotta, supra,* at ¶19.

**{¶19}** In the case at bar, appellant neither obtained a stay nor posted a bond after filing his notice of appeal. Further, appellee, as the non-appealing party, has

6

successfully obtained a satisfaction of judgment.  Thus, an appeal of that judgment is now moot.

{¶20}  For the foregoing reasons, we conclude that appellant's appeal is moot. Accordingly, we will not consider appellant's assignment of error.  Therefore, appellee's motion to dismiss is granted.  The instant appeal is hereby dismissed.


CYNTHIA WESTCOTT RICE, J., concurs,

DIANE V. GRENDELL, J., concurs in judgment only.