[Cite as *CitiMortgage, Inc. v. Snider*, 2016-Ohio-8111.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| CITIMORTGAGE, INC., | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-G-0072** |
| LOUIS S. SNIDER, et al., | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Case No. 11 F 000931.

Judgment: Appeal dismissed.

*Kara A. Czanik* and *Harry J. Finke, IV*, Graydon Head & Ritchey LLP, 1900 Fifth Third Center, 511 Walnut Street, Cincinnati, OH 45202-3157 (For Plaintiff-Appellee).

*Louis S. Snider*, pro se, 11841 County Line Road, Gates Mills, OH 44040 (Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1} Appellant, Louis S. Snider, appeals from the April 22, 2016 judgment of the Geauga County Court of Common Pleas. This matter is currently before us on the motion to dismiss and motion to remand filed by appellee, CitiMortgage, Inc. Mr. Snider filed a reply in opposition to the motions. CitiMortgage subsequently filed a "Notice of Trial Court Decision," wherein it withdrew the motion to remand. For the following reasons, we grant in part and overrule in part the motion to dismiss, and dismiss the appeal in its entirety.

**Procedural History**

{¶2} On August 15, 2012, the trial court entered a decree of foreclosure against Mr. Snider in favor of CitiMortgage. Subsequently, on December 1, 2014, the trial court denied Mr. Snider's Civ.R. 60(B) motion for relief from judgment. Mr. Snider did not appeal either of these final appealable orders.

{¶3} On December 15, 2014, Mr. Snider filed a "motion to set aside judgment," which the trial court overruled on December 29, 2014. On January 28, 2015, Mr. Snider filed a timely appeal from that entry. This court found Mr. Snider's motion to set aside judgment was a nullity because he had asked the trial court to do nothing more than reconsider its final order overruling Mr. Snider's Civ.R. 60(B) motion for relief. The trial court's December 29, 2014 judgment entry was therefore a nullity, and the appeal was dismissed for lack of a final appealable order. *CitiMortgage, Inc. v. Snider*, 11th Dist. Geauga No. 2015-G-0008, 2015-Ohio-4028.

{¶4} CitiMortgage filed a Praecipe for Order of Sale on October 23, 2015. Mr. Snider filed an Emergency Motion to Stay Foreclosure and Sheriff's Sale, which the trial court overruled on March 16, 2016. The following motions were subsequently filed by the parties:

- March 29, 2016: Mr. Snider filed a Verified Motion to Set Aside Void Judgment, arguing the trial court should vacate its decree of foreclosure.

- April 5, 2016: CitiMortgage filed a Motion to Confirm Sale.

- April 18, 2016: Mr. Snider filed an Emergency Motion to Stay Sale.

- April 19, 2016: Mr. Snider filed an Amended Verified Motion to Set Aside Void Judgment, accompanied by an affidavit.

2

**{¶5}** On April 22, 2016, the trial court issued the entry that is currently before us on appeal. The trial court overruled Mr. Snider's motions on the basis that he was "attempting to re-litigate issues that have already been disposed of by the Court," and it granted CitiMortgage's motion to confirm the sheriff's sale. It ordered CitiMortage's counsel to "submit an appropriate judgment of confirmation of sale to the Court on or before May 3, 2016."

**{¶6}** Mr. Snider noticed this appeal on April 28, 2016.

**{¶7}** On May 3, 2016, Mr. Snider filed a "Motion in Objection to Confirm of Sale [sic]" with the trial court, in which he requests the trial court to "Set Aside Confirmation of Sale till Appeal is final to prevent further Trespass of Sniders U.S. Constitutional Rights [sic]." Finally, on May 5, 2016, the trial court issued a judgment entry confirming the sale and ordering distribution of the proceeds.

**{¶8}** CitiMortgage filed its motion to dismiss and remand the appeal on May 17, 2016. In its motion, CitiMortgage asserts the trial court's April 22, 2016 order is not final and appealable as to any of its dispositions, to wit: (1) overruling the motions to set aside void judgment; (2) sustaining the motion to confirm sale; and (3) overruling the emergency motion to stay sale.

### Jurisdiction of the Trial Court

**{¶9}** CitiMortgage initially requested this court to remand the matter back to the trial court for purposes of the trial court entering another entry confirming sale and ordering distribution. CitiMortgage was concerned that Mr. Snider might argue the trial court lacked jurisdiction to enter the May 5, 2016 order confirming sale and ordering distribution while this appeal was pending. On July 13, 2016, CitiMortgage withdrew

this request based on an order issued by the trial court on June 28, 2016. In that entry, the trial court stated the following:

> The notice of appeal filed by Defendant Snider states that he is appealing this Court's judgment entered April 22, 2016. In regards to Plaintiff's Motion to Confirm Sale, this Court's April 22, 2016 judgment stated that Plaintiff's motion was sustained and that Plaintiff was to submit an appropriate judgment of confirmation of sale. The sustaining of Plaintiff's motion is not an appealable order, and Defendant Snider's filing of a Notice of Appeal does not divest this Court of jurisdiction or the authority to enter the Judgment of Confirmation of Sale.

{¶10} We note that the trial court does not have authority to determine whether an order is final and appealable. "'[T]he determination as to the appropriateness of an appeal lies solely with the appellate court,' and a trial court judge's opinion that the order appealed from is not a final, appealable order does not alter the fact that the filing of the notice of appeal divests the trial court of jurisdiction to proceed with the adjudication during the pendency of the appeal." *State ex rel. Elec. Classroom of Tomorrow v. Cuyahoga Cty. Court of Common Pleas*, 129 Ohio St.3d 30, 2011-Ohio-626, ¶16, quoting *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, ¶10. Nevertheless, a notice of appeal filed "'after the announcement of a decision, order, or sentence but before entry of the judgment or order'" is treated as premature and "does *not* divest the trial court of jurisdiction to proceed because the appeal has not yet been perfected." *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶14 (emphasis added), quoting App.R. 4(C).

{¶11} Mr. Snider appealed from the trial court's April 22, 2016 announcement that CitiMortgage's motion to confirm sale was granted. The trial court also stated, however, that "Plaintiff's counsel shall submit an appropriate judgment of confirmation of

4

sale to this Court on or before May 3, 2016." "When a trial court enters an order directing counsel to prepare a judgment entry consistent with the order, 'this constitutes a mere pronouncement of the court's findings and is not the court's final judgment.'" *In re Estate of Mahan*, 11th Dist. Trumbull No. 2005-T-0062, 2005-Ohio-4770, ¶3, quoting *Clark v. Clark*, 11th Dist. Portage No. 2003-P-0092, 2003-Ohio-6737, ¶2, citing *Brooks v. Orshoski*, 129 Ohio App.3d 386, 393 (6th Dist.1998).

**{¶12}** Pursuant to App.R. 4(C), Mr. Snider's notice of appeal as to the confirmation of sale was simply premature and may proceed as if it was timely filed from the trial court's May 5, 2016 order. Although it was not the province of the trial court to make the final appealable order determination, the trial court was not divested of jurisdiction to proceed with the confirmation of sale in this matter because the appeal had not yet been perfected.

### Motions to Confirm and Stay Sale

**{¶13}** A judgment entry confirming sale and ordering distribution is a final appealable order. *See CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, ¶39. CitiMortgage asserts, however, that this appeal should be dismissed on the grounds of mootness because the property has already been sold. Under the facts of this case, we agree. "In foreclosure proceedings such as this, if a stay is not sought by and granted for the borrower, it becomes possible for any appeal of judgment in favor of the lender to become moot." *MHN Sub I, LLC v. Donnelly*, 11th Dist. Lake No. 2014-L-031, 2014-Ohio-4128, ¶9 (citations omitted).

**{¶14}** Voluntary satisfaction of a judgment renders an appeal from that judgment moot. *Art's Rental Equip., Inc. v. Bear Creek Constr.*, LLC, 1st Dist. Hamilton Nos. C-

5

110544, et seq., 2012-Ohio-5371, ¶7, citing *Blodgett v. Blodgett*, 49 Ohio St.3d 243, 245 (1990). "A party has acted voluntarily in satisfying a judgment when the party *fails to obtain* a stay of the trial court's judgment pending appeal." *Id.* at ¶8 (emphasis added), citing *Wiest v. Wiegele*, 170 Ohio App.3d 700, 2006-Ohio-5348, ¶12 (1st Dist.). "'[T]he mere filing of a notice of appeal from the judgment of the trial court without a stay of execution being issued does not deprive the trial court of authority to enforce its judgment.'" *Atlantic Mtge. & Invest. Corp. v. Sayers*, 11th Dist. Ashtabula No. 2000-A-0081, 2002 Ohio App. LEXIS 856, *1 (Mar. 1, 2002), quoting *White v. White*, 50 Ohio App.2d 263 (8th Dist.1977), paragraph five of the syllabus.

> Thus, the result of an appellant failing to obtain a stay of the judgment is that the nonappealing party can obtain satisfaction of the judgment despite the pending appeal. 'Consequently, when "the nonappealing party is successful in obtaining satisfaction of judgment, the appeal must be dismissed because the issues raised in the appeal have become moot."'

*Donnelly*, *supra*, at ¶10, quoting *Kogler v. Daniel Bros. Fuel Co.*, 11th Dist. Lake No. 2002-L-122, 2003-Ohio-6774, ¶21 (internal citations omitted).

{¶15} Mr. Snider filed a motion to stay the foreclosure proceedings in the trial court on March 1, 2016. The trial court overruled that motion on March 16, 2016. The property was sold on March 31, 2016. CitiMortgage filed a motion to confirm the sale on April 5, 2016. On April 18, 2016, Mr. Snider filed an emergency motion to stay confirmation of the sale, which was overruled by the trial court on April 22, 2016. Mr. Snider filed his notice of appeal on April 28, 2016. Mr. Snider did not file a motion to stay with this court pending appeal nor did he post a supersedeas bond.

{¶16} On May 3, 2016, while the appeal was pending, Mr. Snider filed a "Motion in Objection to Confirm of Sale [sic]" with the trial court, in which he requests the trial

6

court to "Set Aside Confirmation of Sale till Appeal is final to prevent further Trespass of Sniders U.S. Constitutional Rights [sic]."  This could easily be construed as a motion to stay proceedings pending appeal, but it was effectively overruled when the trial court confirmed the sale, according to rule, on May 5, 2016.

{¶17}  Because Mr. Snider failed to obtain a stay from the trial court, and did not even seek one from this court, CitiMortgage had the right to receive satisfaction of the judgment even though an appeal was pending.  *See Donnelly*, *supra*, at ¶17 (citations omitted).  CitiMortgage did, in fact, succeed in satisfying the judgment granted in its favor when the trial court journalized its entry confirming the sale on May 5, 2016.

{¶18}  "'(I)n foreclosure cases, as in all other civil actions, after the matter has been extinguished through satisfaction of the judgment, the individual subject matter of the case is no longer under the control of the court and the court cannot afford relief to the parties to the action.'"  *Art's Rental*, *supra*, at ¶9 (collecting cases), quoting *Bankers Trust Co. of California, N.A. v. Tutin*, 9th Dist. Summit No. 24329, 2009-Ohio-1333, ¶16.  In other words, once the judgment has been satisfied by a confirmed sale of the property, the proceeds of that sale are no longer under the jurisdiction and control of the courts.  *Art's Rental*, *supra*, at ¶13.

{¶19}  Accordingly, because Mr. Snider did not obtain a stay of execution from the trial court, nor did he request a stay in this court, we cannot afford relief to Mr. Snider by reviewing the trial court's judgment on his motions to confirm and stay sale; the property has already been sold.

{¶20}  CitiMortgage's motion to dismiss is granted to the extent it pertains to the trial court's disposition of the motions to confirm and stay sale.

7

**Motions to Set Aside Void Judgment**

**{¶21}** CitiMortgage argues Mr. Snider's motion to set aside void judgment, as well as the amended motion, are "functional equivalents" to a motion to reconsider the trial court's December 1, 2014 judgment denying Mr. Snider's Civ.R. 60(B) motion. Because a motion to reconsider a trial court's final order is a legal nullity, CitiMortgage asserts this portion of the appeal must be dismissed.

**{¶22}** CitiMortgage cites to our previous opinion in support of its argument. *See Snider*, *supra*. In that case, Mr. Snider had filed a motion to reconsider the trial court's judgment overruling his Civ.R. 60(B) motion for relief from judgment. The trial court overruled his motion to reconsider, and from that judgment he appealed. Because the filing of the motion to reconsider was a nullity, so was the trial court's judgment. We dismissed the appeal for lack of a final appealable order.

**{¶23}** Here, however, we do not find reason to construe Mr. Snider's motions to set aside void judgment as motions to reconsider. Rather, it is clear that Mr. Snider is attempting to vacate the underlying foreclosure decree due to an alleged lack of subject matter jurisdiction. Although his arguments may be barred by res judicata, regardless of their merit, this is not a sufficient reason to dismiss an appeal for lack of a final appealable order. *See State v. Gibbs*, 11th Dist. Geauga No. 2014-G-3232, 2015-Ohio-3215, ¶11, citing *Gahanna v. Petruziello*, 10th Dist. Franklin No. 03AP-360, 2004-Ohio-2133, ¶14 ("[T]he doctrine of res judicata is not jurisdictional. Accordingly, the operation of the doctrine is not a basis for dismissal of an appeal.").

**{¶24}** CitiMortgage's motion to dismiss is overruled insofar as it pertains to Mr. Snider's arguments regarding subject matter jurisdiction.

**Failure to Prosecute**

{¶25} Although the motion to dismiss is overruled in part, this court must sua sponte dismiss the final and appealable portion of the trial court's judgment due to appellant's failure to prosecute his appeal. Appellant's brief was due to be filed by June 27, 2016. To date, appellant has not filed his appellate brief. Therefore, this appeal is hereby dismissed in its entirety due to appellant's failure to prosecute.

{¶26} Appeal dismissed.


CYNTHIA WESTCOTT RICE, P.J.,

THOMAS R. WRIGHT, J.,

concur.