COLLEEN MARY O'TOOLE, J.
{¶ 1} Appellant, Mark DiNardo, appeals from the August 18, 2017 judgment of the Chardon Municipal Court, Small Claims Division, adopting a magistrate's decision and ordering that appellee, Petersen & Petersen, Inc., recover $769.29 plus interest at the rate of four percent per annum and $93.00 in costs. For the reasons stated, we dismiss this appeal as moot.
*641 {¶ 2} Appellee represented appellant in a real estate matter. Appellee filed a partition action on appellant's behalf in the Geauga County Court of Common Pleas, Case No. 13 M 001055. Appellant was the successful bidder at the auction for the property. Appellee performed all necessary work for appellant in connection with the transaction. However, appellant failed to pay appellee for services rendered.
{¶ 3} On February 16, 2017, appellee filed a complaint for the unpaid account in the Chardon Municipal Court, Small Claims Division, Case No. 2017 CVI 00143. Attached to the complaint were invoices revealing the total balance due in the amount of $769.29. ("Exhibit A").
{¶ 4} The case was tried before a magistrate on June 1, 2017. One week later, the magistrate issued a decision recommending judgment in favor of appellee in the amount of $769.29 plus interest and costs. Appellant filed objections to the magistrate's decision. Appellee filed a response.
{¶ 5} On August 18, 2017, the municipal court adopted the magistrate's decision ordering appellee to recover $769.29 plus interest at the rate of four percent per annum and $93.00 in costs, which is the subject of appellant's appeal. Appellant did not file a motion for stay with the municipal court or with this court.
{¶ 6} Garnishment proceedings were instituted and ordered in the municipal court on October 10, 2017. Appellee received a check from the municipal court on November 2, 2017, representing funds received from JPMorgan Chase, i.e., the garnishee bank, for payment in full of the judgment. On November 7, 2017, appellee filed a notice of satisfaction of judgment with the municipal court. The next day, appellee filed a certificate of release of judgment lien with the common pleas court.
{¶ 7} On appeal, appellant raises the following assignment of error:
{¶ 8} "The trial court erred by affirming the magistrate's decision in favor of appellee where appellee sued for services rendered on account and failed to attach an accounting."
{¶ 9} " ' "It is a well-established principle of law that a satisfaction of judgment renders an appeal from that judgment moot." ' Kogler v. Daniel Bros. Fuel Co. , 11th Dist. Lake No. 2002-L-122, 2003-Ohio-6774[ 2003 WL 22952593], ¶ 21, quoting Blodgett v. Blodgett , 49 Ohio St.3d 243, 245, 551 N.E.2d 1249 * * * (1990). In a situation where a ' "judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away (* * *) the right to appeal or prosecute error or even to move for vacation of judgment." ' Kogler, supra , at ¶ 21, quoting Lynch v. Lakewood City School Dist. Bd. of Edn. , 116 Ohio St. 361, 156 N.E. 188, * * *, paragraph three of the syllabus (1927) (emphasis sic). ' "(T)he mere filing of a notice of appeal from the judgment of the trial court without a stay of execution being issued does not deprive the trial court of authority to enforce its judgment." ' Atlantic Mtge. & Invest. Corp. v. Sayers , 11th Dist. Ashtabula No. 2000-A-0081, * * *, 2002 WL 331734 (Mar. 1, 2002), quoting White v. White , 50 Ohio App.2d 263, 362 N.E.2d 1013, * * *, paragraph five of the syllabus (8th Dist.1977).
{¶ 10} "Thus, the result of an appellant failing to obtain a stay of the judgment is that the nonappealing party can obtain satisfaction of the judgment despite the pending appeal. Marotta Bldg. Co. v. Lesinski , 11th Dist. Geauga No. 2004-G-2562, 2005-Ohio-558[ 2005 WL 336630], ¶ 18, citing Sayers, supra , at *6. 'Consequently, when "the nonappealing party is successful in obtaining satisfaction of judgment, the appeal must be dismissed because *642 the issues raised in the appeal have become moot." ' Kogler, supra , at ¶ 21, quoting Hagood v. Gail , 105 Ohio App.3d 780, 785, 664 N.E.2d 1373 * * * (11th Dist.1995)." (Parallel citations omitted.) MHN SUB I, L.L.C. v. Donnelly , 11th Dist. Lake No. 2014-L-031, 2014-Ohio-4128, 2014 WL 4671675, ¶ 9-10.
{¶ 11} In the case at bar, since appellee has successfully obtained a satisfaction of judgment and there is no indication that appellant's satisfaction of judgment was anything other than voluntary, and since appellant failed to obtain a stay of execution or post a bond, it is clear that the instant appeal is moot and must be dismissed. Donnelly, supra , at ¶ 9-10 ; JPMorgan Chase Bank, N.A. v. Ritchey , 11th Dist. Lake Nos. 2007-L-017 and 2007-L-018, 2007-Ohio-5913, 2007 WL 3243916, ¶ 7.
{¶ 12} For the foregoing reasons, we conclude that appellant's appeal is moot. Accordingly, we will not consider appellant's assignment of error. The instant appeal is hereby dismissed.
THOMAS R. WRIGHT, P.J., CYNTHIA WESTCOTT RICE, J., concur.