[Cite as *NEO Garage, L.L.C. v. Saad*, 2025-Ohio-4590.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

NEO GARAGE LLC (D.B.A. NEO
MOTORSPORT GARAGE),                      :

      Plaintiff-Appellee,             :

                      No. 114737

v.                                       :

MOHAMED SAAD,                            :

      Defendant-Appellant.            :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** October 2, 2025

---

Civil Appeal from the City of Parma Municipal Court
Case No. 24CVF02480

---

### *Appearances:*

Krueger and Valente Law, LLC, and Jeffrey W. Krueger,
*for appellee.*

James E. Boulas Co., L.P.A., Panagiota D. Boulas, and
James E. Boulas, *for appellant.*

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant Mohamed Saad ("Saad") appeals the decision of

the municipal court granting default judgment in favor of plaintiff-appellee NEO

Garage LLC, d.b.a. NEO Motorsport Garage ("NEO Garage"), and dismissing Saad's counterclaims with prejudice. After careful review, we dismiss this appeal.

## I. Facts and Procedural History

{¶ 2} In April 2024, Saad purchased various products for his 2020 Ford Mustang GT from NEO Garage and contracted with NEO Garage to perform numerous services on the vehicle. On April 30, 2024, NEO Garage submitted an invoice to Saad in the amount of $3,763.84 for the cost of the products and services performed on the vehicle. That same day, Saad paid the invoice via credit card; however, nearly a month later, Saad had the credit card payment to NEO Garage reversed.

{¶ 3} On June 14, 2024, NEO Garage filed a complaint in Parma Municipal Court alleging breach of contract, unjust enrichment, and statutory conversion for the unpaid products and services. On July 11, 2024, Saad filed an answer and counterclaims for violating the Ohio Consumer Sales Practices Act and fraud. He claimed that NEO Garage did not complete the installation in a workmanlike manner as promised. Thereafter, telephonic pretrials were held in September and October 2024. During the October pretrial, the court scheduled an in-person pretrial conference for December 11, 2024. The docket entry stated, in pertinent part, that

> [t]he court further advises that the parties and their respective counsel are required to appear at the pretrial conference. Failure of the defendant to appear could result in a default judgment for the plaintiff; failure of plaintiff to appear could result in a dismissal of plaintiff's complaint for want of prosecution.

(J.E., Oct. 23, 2023.)

{¶ 4} Saad's attorney appeared for the December pretrial, however; Saad was unable to attend because of his job. Although a motion for default judgment was not pending before the court, the trial court went on the record and ordered default judgment against Saad in the amount of $3,763.84 with interest. In addition, the trial court dismissed Saad's counterclaims with prejudice. That same day, and prior to the court's ruling being journalized, Saad filed a notice of voluntary dismissal of his counterclaims pursuant to Civ.R. 41(A)(1)(a).

{¶ 5} The trial court's decision granting default judgment and dismissing Saad's counterclaims with prejudice was signed and filed stamped on December 12, 2024, and was not journalized until December 19, 2024. The trial court also signed a journal entry on December 13, 2024, finding that Saad's notice of voluntary dismissal was moot because the court had already dismissed the counterclaims for want of prosecution. That entry was filed stamped December 16, 2024, but never journalized.

{¶ 6} On January 8, 2025, Saad appealed the trial court's decision granting default judgment and dismissing Saad's counterclaims with prejudice. On January 29, 2025, Saad filed a motion for stay of execution in the trial court; however, on February 13, 2025, NEO Garage filed a satisfaction of judgment in the trial court.

{¶ 7} Thereafter, NEO Garage filed a motion to dismiss this appeal, arguing that the appeal is moot. Saad filed a brief in opposition to NEO Garage's motion to

dismiss ("BIO") as well as an appellate brief. NEO Garage did not file an appellee brief. Saad raises the following assignments of error for review:

> **Assignment of Error I:** The trial court abused its discretion when it rendered default judgment against [Saad] after he filed an Answer.

> **Assignment of Error II:** The trial court abused its discretion when it dismissed [Saad's] counterclaim with prejudice without first notice or justifying circumstances.

## II. Law and Analysis

{¶ 8} As an initial matter, we must address NEO Garage's motion to dismiss Saad's appeal asserting that the entire appeal is moot. In the motion, NEO Garage argues that because the judgment was satisfied, Saad's first assignment of error regarding the default judgment is moot. Further, NEO Garage contends that because the counterclaims were compulsory, it does not matter whether the trial court dismissed the claims with prejudice or Saad voluntarily dismissed the claims; the counterclaims cannot be reasserted rendering Saad's second assignment of error moot as well.

{¶ 9} We note that an appeal is rendered moot when "events transpire post-judgment that make it impossible for an appellate court to grant any effectual relief." *Ardire v. Westlake City Council*, 2013-Ohio-3533, ¶ 3 (8th Dist.), citing *Miner v. Witt*, 82 Ohio St. 237 (1910), syllabus. It is well established that a "satisfaction of judgment renders an appeal from that judgment moot." *Blodgett v. Blodgett*, 49 Ohio St.3d 243, 245 (1990). Absent fraud, a reviewing court should dismiss an appeal if the judgment is voluntarily paid and satisfied because such payment puts an end to the controversy, eliminating the parties' right to appeal the error.

*McMahon v. Cooke*, 2024-Ohio-2169, ¶ 67 (8th Dist.), citing *Blodgett*. "'Once the rights and obligations of the parties have been extinguished through satisfaction of the judgment, a judgment on appeal cannot have any practical effect upon the issues raised by the pleadings.'" *Id.*, quoting *Akron Dev. Fund I, Ltd. v. Advanced Coatings Internatl., Inc.*, 2011-Ohio-3277, ¶ 21 (9th Dist.).

{¶ 10} In the instant case, NEO Garage filed a notice of satisfaction of judgment in the trial court on February 13, 2025, indicating that the judgment was satisfied in full and releasing any pending judgment liens and then filed its motion to dismiss the appeal in this court attaching a file-stamped copy of the notice. Saad submitted an affidavit with his BIO, averring that he had "not made a voluntary payment to satisfy the Judgment"; that "[t]o [his] knowledge, [NEO Garage] has not collected funds from [him] by means of garnishment, attachment, sale, or any other form of execution since the date of Judgment"; and "[t]o [his] knowledge, no third party has paid or otherwise satisfied the Judgment on [his] behalf." (Saad BIO, exhibit A.)

{¶ 11} Saad relies on *Fed. Land Bank of Louisville v. Wilcox*, 74 Ohio App.3d 474, 478 (4th Dist. 1991), for the proposition "that payment of a judgment alone without other proof that the payment was a voluntary abandonment of the appeal is insufficient to dismiss an appeal." (Saad BIO, p. 3.) This court, however, has specifically rejected the holding of *Wilcox*, stating that

> [the *Wilcox*] case has been criticized as being a liberal interpretation of the rule and "may contradict the Supreme Court of Ohio's view on the matter." *See Poppa Builders, Inc. v. Campbell* (1997) 118 Ohio App. 3d

251, 254, 692 N.E.2d 647; *Hagood v. Gail* (1995) 105 Ohio App. 3d 780, 788, 664 N.E.2d 1373. We agree with those cases that criticize [*Wilcox*]. All appeals require concrete issues for resolution. Once a party accepts payment of a judgment prior to appeal, those issues are deemed resolved, and no issues remain for resolution on appeal.

*Gourash v. Gourash*, 1999 Ohio App. LEXIS 4074, *6-7 (8th Dist. Sept. 2, 1999); *see also Kogler v. Daniel Bros. Fuel Co.*, 2003-Ohio-6774 (11th Dist.). Therefore, NEO Garage is not required to prove the payment was a voluntary abandonment of Saad's appeal.

{¶ 12} Next, Saad cites *Cleveland v. Embassy Realty Invests., Inc.*, 2018-Ohio-4335 (8th Dist.), for a similar proposition of law, alleging that "when an appellee filed a notice that judgment was satisfied with no evidence in support that would satisfy the adversarial process this court allowed the appeal to proceed to judgment." (Saad BIO, p. 4.) Saad, however, misstates the holding in *Embassy Realty Invests.*, wherein this court found that the appeal was moot because the appellee obtained satisfaction of judgment through garnishment during the pendency of the appeal and included a time-stamped copy of the notice of satisfaction of judgement, which was sufficient proof to render the appeal moot. This court again reiterated the holding in *Blodgett,* 49 Ohio St.3d at 245, that a satisfaction of judgment renders an appeal from that judgment moot. *Id.* at ¶ 19. Accordingly, NEO Garage is only required to establish that it accepted payment of judgment, which was established with its filing of the notice of satisfaction of judgment.

{¶ 13} Finally, Saad claims that any payment made was not voluntary, thus his appeal is not moot. He asserts that he filed a motion to stay execution prior to NEO Garage's notice of satisfaction of judgment. Saad essentially argues that NEO Garage must prove Saad voluntarily paid the judgment. He cites to *O'Neill v. O'Neill*, 1995 Ohio App. LEXIS 3976, *12 (8th Dist. Sept. 14, 1995), claiming that this court found "that where a satisfaction of judgment is not voluntary the appeal is not moot." (Saad BIO, p. 3.) Saad again misstates the finding in *O'Neill*. Rather, this court actually stated that "a perusal of the agreed judgment entry in this case reveals that not only did appellant expressly preserve his right to appeal the merits, but he signed the judgment because the trial court denied his motion to stay execution of the judgment. Thus, the satisfaction of judgment was not 'voluntary.'" *Id*. Again, we reiterate that NEO Garage is only required to establish that the judgment was satisfied and filing a notice of satisfaction of judgment is sufficient to establish such.

{¶ 14} We now turn to the issue of whether filing a motion to stay execution of judgment is sufficient to establish that the payment was not voluntary and thus Saad's appeal is not moot. We find that filing a motion to stay execution of judgment is insufficient to establish the payment was not voluntary.

{¶ 15} Civ.R. 62(B) sets forth the procedure to obtain a stay of judgment pending appeal. It states:

> When an appeal is taken the appellant may obtain a stay of execution of a judgment or any proceedings to enforce a judgment by giving an adequate supersedeas bond. The bond may be given at or after the time of filing the notice of appeal. The stay is effective when the supersedeas bond is approved by the court.

App.R. 7 contains similar language regarding a stay requested from the court of appeals, although the rule specifies that the stay must ordinarily be sought from the trial court first. R.C. Ch. 2505 addresses supersedeas bonds and stays during appeals. R.C. 2505.09 provides:

> [A]n appeal does not operate as a stay of execution until a stay of execution has been obtained pursuant to the Rules of Appellate Procedure or in another applicable manner, and a supersedeas bond is executed by the appellant to the appellee, with sufficient sureties and in a sum that is not less than, if applicable, the cumulative total for all claims covered by the final order, judgment, or decree and interest involved [but shall not exceed fifty million dollars], as directed by the court that rendered the final order, judgment, or decree . . . or by the court to which the appeal is taken.

{¶ 16} In *RNE Ents. v. Imperial Kitchen Cabinet Factory*, 2022-Ohio-1671 (8th Dist.), this court held that an appellant cannot rely on its motion for stay of execution of judgment to avoid the mootness doctrine and, if the non-appealing party is successful in obtaining a satisfaction of judgment, the payment is voluntary and the appeal must be dismissed as moot. *Id.* at ¶ 5-8. In *RNE Ents.*, the trial court granted default judgment against appellant, who then filed a motion to stay execution of judgment but did not file a supersedeas bond. *Id.* at ¶ 2. The trial court determined that the appellant was required to obtain and file a supersedeas bond. *Id.* at ¶ 2. Likewise, when appellant filed a motion for stay in this court, we ruled that appellant was required to file a supersedeas bond in the amount of the judgment. Appellant, however, did not file a supersedeas bond and appellee obtained payment of the judgment by garnishment. On appeal, this court dismissed the appeal as moot explaining that "'[i]n order to have avoided execution on the

judgment, [appellant] should have followed the procedures for obtaining a stay of execution *and* for obtaining a supersedeas bond or its equivalent.'" (Emphasis in original.) *Id.* at ¶ 7, quoting *Embassy Realty Invests*. 2018-Ohio-4335, at ¶ 22.

{¶ 17} In the instant case, Saad filed a motion for stay of execution of judgment in the trial court 21 days after filing his notice of appeal. He did not, however, post a supersedeas bond. Two weeks later, NEO Garage filed a notice of satisfaction of judgment. Because Saad failed to obtain a stay of execution of judgment, we find that the payment was "voluntary" and the satisfaction of judgment renders Saad's first assignment of error moot.

{¶ 18} We turn now to NEO Garage's argument that Saad's second assignment of error is also moot. NEO Garage contends that Saad's counterclaims are compulsory; therefore, he is barred from reasserting those claims against NEO Garage whether or not the trial court properly dismissed Saad's counterclaims.[1] Saad argues that his counterclaims were not compulsory and thus his second assignment of error is not moot. Although both parties argue whether Saad's counterclaims were compulsory, we find this argument premature because this court lacks jurisdiction to address the second assignment of error.

---

[1] A compulsory counterclaim arises out of the same transaction or occurrence that is the subject matter of the claim of the opposing party, while a counterclaim whose roots lie in a separate transaction or occurrence is permissive. A compulsory counterclaim must be asserted in the pending case, for failure to do so will result in its being barred in any subsequent action as res judicata. *Westlake v. Rice*, 100 Ohio App.3d 438, 441-442 (8th Dist. 1995).

{¶ 19} Our jurisdiction as an appellate court is to review "judgments or final orders of the courts of record inferior to the court of appeals within the district." Ohio Const., art. IV, § 3(B)(2). "If an order is not final, then an appellate court has no jurisdiction." *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). Orders or judgments must be both final and appealable. *State ex rel. Scruggs v. Sadler*, 2002-Ohio-5315, ¶ 5. Relevant here is R.C. 2505.02(B)(1), which provides that an order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is "[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment."

{¶ 20} Generally, a dismissal without prejudice is not a final order because it does not determine the action. *Siegel v. Boss*, 2015-Ohio-689, ¶ 6 (8th Dist.), citing *Denham v. New Carlisle*, 86 Ohio St.3d 594, 597 (1999). Here, Saad voluntarily dismissed his counterclaims pursuant to Civ.R. 41(A)(1)(a). Under Civ.R. 41(A)(1)(a) a plaintiff has the absolute right to dismiss an action any time before trial. *Sturm v. Sturm,* 63 Ohio St.3d 671, 675 (1992). That right extends even when a plaintiff files a notice of dismissal after learning the court intends to journalize an adverse decision. *O'Neill*, 1995 Ohio App. LEXIS 3976 (8th Dist. Sept. 14, 1995), citing *Conley v. Jenkins*, 77 Ohio App.3d 511 (1991).

{¶ 21} In the instant case, Saad filed a notice of voluntary dismissal under Civ.R. 41(A)(1)(a) on Dec. 11, 2024, shortly after the pretrial hearing, but prior to the trial court's judgment entry dismissing Saad's counterclaims with prejudice. The trial court's entry was not signed or file stamped until Dec. 12, 2024, and not

journalized until Dec. 19, 2024. The timing of the entries matters because a court speaks through its docket and journal entries. *State v. Deal*, 2007-Ohio-5943, ¶ 54 (8th Dist.), citing *State v. Brooke*, 2007-Ohio-1533, ¶ 47.

{¶ 22} Although the docket suggests that a civil journal entry was "created" prior to Saad's notice of voluntary dismissal, it is the actual entry that controls because the docket is not the same as the journal entry. *State ex rel. White v. Junkin*, 80 Ohio St.3d 355, 337-338 (1997). "It is the journal entries that are signed by the judge, not the docket entries, that control." *State ex rel. Norris v. Wainwright*, 2019-Ohio-4138, ¶ 19, citing *Cleveland v. Gholston*, 2011-Ohio-6164, ¶ 20, fn. 1 (8th Dist.). Furthermore, it is the court's journal entry, not the reference to the entry set forth on the computerized docket, that controls. *Id.*, citing *State v. Inscho*, 2019-Ohio-809, ¶ 20 (2d Dist.). "'To journalize a decision means that certain formal requirements have been met, i.e., the decision is reduced to writing, a judge signs it, and it is filed with the clerk so that it may become a part of the permanent record of the court.'" *Cleveland v. Kushlak*, 2022-Ohio-4402, ¶ 39, quoting *State v. McDowell*, 2002-Ohio-6712, ¶ 7 (7th Dist.). "A time-stamped date offers some evidence of its filing." *McDowell* at ¶ 7. To be effective, the court's judgment entry must be journalized. Civ.R. 58(A)(1). Here, the trial court's journal entry dismissing Saad's counterclaim was filed *after* Saad's notice of voluntary dismissal; therefore, Saad's notice of dismissal controls.

{¶ 23} When Saad filed his notice of voluntary dismissal under Civ.R. 41(A)(1)(a), the dismissal was effective the date it was filed, because it does

not require further action of the court. *In re J.H.*, 2024-Ohio-5489, ¶ 5 (8th Dist.), citing *Findlay v. Martens*, 2022-Ohio-4146, ¶ 15 (3d Dist.). "In other words, a 'Civ.R. 41(A)(1)(a) dismissal is self-executing[.]'" *Findlay* at ¶ 5, quoting *Shue v. Ohio Dept. of Rehab. & Corr.*, 2017-Ohio-443, ¶ 9 (10th Dist.). Therefore, Saad's counterclaims were dismissed without prejudice on Dec. 11, 2024, immediately upon the filing of the notice.[2]

{¶ 24} Finally, an initial voluntary dismissal without prejudice pursuant to Civ.R. 41(A)(1)(a) is not an adjudication upon the merits. *Davie v. Nationwide Ins. Co. of Am.*, 2017-Ohio-7721, ¶ 50 (8th Dist.), citing Civ.R. 41(A); *Hensley v. Henry*, 61 Ohio St.2d 277, 279 (1980) (Under Civ.R. 41(A)(1), a plaintiff's notice of dismissal does not operate "as an adjudication upon the merits" where the plaintiff has not previously dismissed an action based on the same claim and the notice of dismissal "did not 'otherwise' state that it should so operate."). Moreover, the Ohio Supreme Court has stated that "'[t]he plain import of Civ.R. 41(A)(1) is that once a plaintiff voluntarily dismisses all claims against a defendant, the court is divested of jurisdiction over those claims.'" *State ex rel. Engelhart v. Russo*, 2012-Ohio-47, ¶ 16, quoting *State ex rel. Fifth Third Mtge. Co. v. Russo*, 2011-Ohio-3177, ¶ 17. This was Saad's first notice of dismissal; therefore, there is no final judgment on the

---

[2] We note for the record that the docket incorrectly describes Saad's "Notice of Voluntary Dismissal of Counterclaims Without Prejudice" as a motion for dismissal. Because Saad filed under Civ.R. 41(A)(1)(a), it is not a motion requiring action by the court, unlike filing a motion to dismiss under Civ.R. 41(A)(2). The distinction is important.

merits as to Saad's counterclaims.  Consequently, we are without jurisdiction to address the merits of Saad's second assignment of error.

{¶ 25} Accordingly, the court grants NEO Garage's motion to dismiss.

{¶ 26} Appeal dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

MICHELLE J. SHEEHAN, P.J., CONCURS;
EMANUELLA D. GROVES, J., CONCURS IN JUDGMENT ONLY (WITH SEPARATE OPINION)


EMANUELLA D. GROVES, J., CONCURRING IN JUDGMENT ONLY:

{¶ 27} While I concur with the majority's resolution in this matter, I write separately because I do not agree with the conclusion that NEO Garage's notice of satisfaction of judgment establishes that NEO Garage accepted payment of the judgment.  This conclusion disregards Saad's sworn statement denying that he made any payment either voluntarily or involuntarily and that he lacked awareness of any third party's attempt to satisfy the judgment on his behalf.  NEO Garage did not challenge Saad's claim, nor did they file a response brief in this appeal.  This critical undisputed statement impacts the determination of whether the judgment was voluntarily paid.

{¶ 28} Accordingly, I would not address the satisfaction of judgment and would have confined the decision to dismiss this appeal to Saad's failure to obtain a stay of judgment pending appeal.  For this reason, I concur in judgment only.