[Cite as *Baird v. L.A.D. Holdings, L.L.C.*, 2017-Ohio-2953.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| SUZANNE D. BAIRD, | : | APPEAL NOS. C-160265 |
| | | C-160409 |
| Plaintiff-Appellee, | : | TRIAL NO. A-1201593 |
| vs. | : | *O P I N I O N.* |
| L.A.D. HOLDINGS, LLC, Individually and derivatively on behalf of NEWPORT PAVILION, LLC, | : | |
| | : | |
| Intervening Defendant-Appellant, | : | |
| and | : | |
| 9549 MONTGOMERY ROAD, LLC, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

Civil Appeals From: Hamilton County Court of Common Pleas

Judgments Appealed From Are: Appeals Dismissed

Date of Judgment Entry on Appeal: May 24, 2017

*Buechner Haffer Meyers & Koenig Co., LPA, Brian R. Redden* and *David W. Burleigh*, for Plaintiff-Appellee,

*Bruns, Connell, Vollmar & Armstrong, LLC*, and *Thomas B. Bruns*, for Intervening Defendant-Appellant.

**Mock, Presiding Judge.**

{¶1} Intervening defendant-appellant L.A.D. Holdings, LLC, ("LAD") on behalf of itself, and derivatively on behalf of defendant Newport Pavilion, LLC, appeals the trial court's judgment releasing funds held in escrow to plaintiff-appellee Suzanne Baird in the appeal numbered C-160265. In the appeal numbered C-160409, LAD appeals the trial court's judgment denying its motion for leave to amend its cross-claim against defendant Timothy S. Baird in order to add a counterclaim against Suzanne Baird and to assert a constructive trust over the released escrow funds. We have consolidated these appeals for review. Because the appeals are moot, we dismiss them.

## Facts and Procedure

{¶2} In August 2011, Suzanne Baird obtained a judgment from the domestic relations court in the amount of $2,000,000 against her ex-husband Tim Baird after he defaulted on a promissory note that he had executed in her favor as part of their separation agreement. In an effort to collect on this judgment, Suzanne Baird also obtained a charging order permitting her to charge Tim Baird's membership in numerous limited liability companies with payment on her judgment. But given that Tim Baird was one of the majority owners and comanaged almost all of the companies, the distributions to members stopped and Suzanne Baird was unable to collect on her judgment. Tim Baird's companies acquired, developed and sold commercial real estate, namely shopping centers.

{¶3} Because the charging orders were ineffective, in February 2012, Suzanne Baird filed a declaratory judgment action against Tim Baird and all of the companies ("the LLCs") in which he was a member, asking the court to declare that

she is authorized to take control of Tim Baird's memberships in the LLCs. She also alleged claims for conversion and fraudulent transfer of assets, and sought injunctive relief prohibiting Tim Baird from diverting funds in the LLCs that were subject to the charging order.

{¶4} In November 2013, Suzanne obtained another judgment against Tim Baird in the amount of $3,000,000 after he failed to make the second payment under the promissory note he had executed in her favor. During the course of this litigation, she also obtained a charging order from the domestic relations court with respect to this judgment.

{¶5} A month later, the trial court granted Suzanne's motion to remove Tim Baird from management of the defendant LLCs, and appointed George Fels, a certified public accountant, "to manage, operate, and govern each of the LLCs subject to the Charging Order." Fels and Matthew Daniels, the comanager of most of the defendant LLCs, then began to lease and sell the shopping centers owned by the LLCs.

{¶6} During the extensive discovery in this case, Suzanne Baird learned that Tim Baird carried a "profits interest" in an asset—a shopping center complex—owned by NP Acquisition II, LLC, ("NP Acquisition"). This shopping center was previously owned by defendant Newport Pavilion, LLC, ("Newport") which had sold it to NP Acquisition prior to the commencement of this lawsuit. The majority owners of Newport at the time of the sale were Tim Baird and Daniels. (Daniels, who is LAD's manager, later transferred his interest in Newport to LAD.) In negotiating the sale of the shopping center on behalf of Newport, Tim Baird was to receive a $70,000 yearly consulting fee to help manage/develop the shopping center on behalf of NP

Acquisition, and was to receive money if NP Acquisition sold the shopping center ("profits interest"). Daniels received a payment for his interest at the time of the sale. At the time of the sale, Daniels was not privy to the fact that Tim Baird had negotiated to retain a profits interest in the shopping center as both Daniels and Tim Baird had negotiated confidential agreements with NP Acquisition.

{¶7}  Upon learning that NP Acquisition was selling the shopping center, Suzanne Baird filed a fourth amended complaint asserting a creditor's bill and seeking an injunction ordering that any monies payable to Tim Baird from NP Acquisition due to the sale of the shopping center be subject to a creditor's bill. On September 2, 2014, the trial court entered upon its journal an agreed order that "any monies that are or will be due and payable to [Tim Baird] from [NP Acquisition] on account of the sale of the [shopping center] shall be subject to a creditor's bill ("the agreed order")." The agreed order required the money to be deposited into an escrow account.

{¶8}  A month later, Newport moved the court to modify the agreed order to direct that any money deposited in the escrow account not be disbursed, because Newport believed it had a claim to those funds. Specifically, Newport thought that consideration for its interest in the sale of the shopping center, which would have thereafter been distributed to the members of Newport, was instead improperly paid to Tim Baird as a "profits interest" or carried interest. In essence, Newport believed Tim Baird, in negotiating the deal with NP Acquisition breached his fiduciary duty to the other members of Newport by keeping a profits interest for himself.

{¶9} In May 2015, Suzanne Baird moved the court for an initial distribution of the escrow funds in the amount of $800,000, which the trial court granted over Tim Baird's objections. Newport did not object to this distribution.

{¶10} In August 2015, Newport moved for leave to file cross-claims against Tim Baird for fraud and breach of fiduciary duty, and sought a constructive trust over the remaining funds in escrow. At this time, LAD moved to intervene and join in the claims against Tim Baird. The trial court granted both motions.

{¶11} Before the claims between Newport and Tim Baird were adjudicated, Suzanne Baird moved to have the remaining balance in escrow disbursed to her in partial satisfaction of her unpaid judgment against Tim Baird. At the hearing on her motion, Suzanne Baird argued that her creditor's bill over the escrowed funds gave her priority over any other creditor. Newport argued that the creditor's bill was of no consequence because Suzanne Baird, as a judgment creditor, could not attach funds that did not belong to Tim Baird. Newport maintained that it had a valid claim for a constructive trust over the escrowed funds. Newport argued that because Tim Baird had breached his fiduciary duty to the members of Newport in negotiating his profits interest, the money in escrow did not belong to Tim Baird, but instead to Newport and its members in amounts equal to their ownership interests.

{¶12} Following the hearing, the trial court entered a judgment disbursing the funds to Suzanne Baird and closing the escrow account. LAD, on behalf of itself and derivatively on behalf of Newport, appealed this judgment in the appeal numbered C-160265. Two weeks later, Newport and LAD moved the trial court for leave to amend their cross-claims against Tim Baird to add Suzanne Baird as a party so they could trace the disbursed funds in an effort to demonstrate their claim for a

constructive trust over those funds. The trial court denied their motion. LAD also appealed this judgment on behalf of itself, and derivatively on behalf of Newport, in the appeal numbered C-160409.

## Appeals Moot

{¶13} In its first assignment of error, LAD argues that the trial court erred when it granted Suzanne Baird's motion to disburse the funds in the escrow account to her to satisfy the judgments she held against Tim Baird. In its second assignment of error, LAD contends that the trial court erred by denying it leave to amend its cross-claim against Tim Baird to assert a counterclaim against Suzanne Baird. For the following reasons, we hold that these appeals are moot and dismiss them.

{¶14} The satisfaction of a judgment renders an appeal from that judgment moot. *See Blodgett v. Blodgett*, 49 Ohio St.3d 243, 245, 551 N.E.2d 1249 (1990); *see also Queensgate Terminals, LLC v. Cincinnati*, 1st Dist. Hamilton Nos. C-110653 and C-110671, 2013-Ohio 4219, ¶ 5; *Weist v. Wiegele*, 170 Ohio App.3d 700, 2006-Ohio-5348, 868 N.E.2d 1040, ¶ 12 (1st Dist.); *Art's Rental Equip., Inc. v. Bear Creek Constr., LLC*, 1st Dist. Hamilton Nos. C-110544, C-110555, C-110558, C-110559, C-110564, C-110785, C-110792, C-110797, C-110798, C-110799, C-110800, C-110801, C-110808 and C-120309, 2012-Ohio-5371, ¶ 7. Absent a fraud upon the court, where a judgment has been voluntarily paid and satisfied, that payment puts an end to the controversy. *Queensgate Terminals* at ¶ 5. It takes away "the right to appeal or prosecute error or even to move for vacation of judgment." *Blodgett* at 245, quoting *Rauch v. Noble*, 169 Ohio St. 314, 316, 159 N.E.2d 451 (1959).

{¶15} A party acts voluntarily in satisfying a judgment when it fails to move to stay execution of the trial court's judgment pending appeal. *See Wiest* at ¶ 12,

citing *Hagood v. Gail*, 105 Ohio App.3d 780, 664 N.E.2d 1373 (11th Dist.1995); *see also Capitol Communications, Inc. v. GBS Corp.*, 10th Dist. Franklin Nos. 10AP-08 and 10AP-09, 2010-Ohio-5964 (dismissing appeal as moot where the appellant failed to obtain a stay of execution of the trial court's judgment and release of the escrowed funds); *Slovak v. Univ. Off-Campus Housing*, 4th Dist. Athens No. 99 CA 50, 2000 WL 680479 (May 19, 2000) (dismissing appeal as moot because the clerk of courts, not one of the parties, satisfied the judgment by distributing escrowed funds in accordance with the trial court's judgment). If the appellant fails to obtain a stay of the judgment, the nonappealing party has the right to attempt to satisfy its judgment, even though the appeal is pending. *See Wiest* at ¶ 12 (holding that the judgment was voluntarily satisfied where appellant did not seek a stay of the judgment and the nonappealing party garnished appellant's bank accounts*)*. If the judgment is satisfied, the appeal must be dismissed because the issues in the case have become moot. *Id.*, citing *Hagood*.

{¶16} "In foreclosure cases, as in all other civil actions, after the matter has been extinguished through satisfaction of the judgment, the individual subject matter of the case is no longer under the control of the court and the court cannot afford relief to the parties to the action." *Arts Rental Equip.* at ¶ 9, citing *Bankers Trust Co. of California, NA. v. Tutin*, 9th Dist. Summit No. 24329, 2009-Ohio-1333, ¶ 16.

{¶17} In this case, the trial court determined that Suzanne Baird was entitled to the funds in escrow over LAD's competing claim of a constructive trust over those same funds. The trial court ordered the disbursement of the escrowed funds and the escrow agent distributed the funds and closed the account. LAD failed to seek a stay

of the trial court's judgment pending appeal. The judgment has been satisfied, and the funds in escrow are no longer under the jurisdiction and control of the court. Therefore, the appeals must be dismissed as moot.

Appeals dismissed.

**ZAYAS** and **MYERS, JJ.,** concur.


Please note:

The court has recorded its own entry on the date of the release of this opinion.