[Cite as *Ohio Dept. of Taxation v. Gingrich*, 2020-Ohio-3794.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO DEPARTMENT OF TAXATION, | : | APPEAL NO. C-190455 |
| | | TRIAL NO. EX-1800254 |
| Plaintiff-Appellee, | : | |
| | : | *O P I N I O N.* |
| vs. | | |
| DIANE GINGRICH, | : | |
| Defendant-Appellant. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Appeal Dismissed

Date of Judgment Entry on Appeal: July 22, 2020

*Meyer & Kerschner, Ltd.,* and *Michael D. Stultz* and *Douglas A. Stephan*, Special Counsel for *David A. Yost,* Ohio Attorney General, for Plaintiff-Appellee,

*Diane Gingrich,* pro se.

**CROUSE, Judge.**

{¶1} Defendant-appellant Diane Gingrich appeals the judgment of the trial court ordering her to pay back taxes to the Ohio Department of Taxation ("state"). She argues in two assignments of error that she was deprived of the benefit of 26 U.S.C. 83, 212, 1001, 1011, and 1012, and due process. For the reasons discussed below, her appeal is moot, and therefore, it is dismissed.

### *Factual Background*

{¶2} The state obtained two judgments against Gingrich for her failure to pay income taxes in tax years 2012 and 2014. The state moved to collect the judgments by garnishing Gingrich's wages. Gingrich filed an objection and requested a wage-garnishment hearing pursuant to R.C. 2716.06. The magistrate overruled Gingrich's objections to the garnishment. Gingrich filed an objection to the magistrate's decision. The trial court overruled Gingrich's objection and adopted the magistrate's decision. Gingrich filed a timely appeal.

### *Mootness*

{¶3} The state argues that Gingirch's appeal is moot because the judgments against her have been satisified. The satisfaction of a judgment renders an appeal from that judgment moot. *Baird v. L.A.D. Holdings, LLC*, 1st Dist. Hamilton Nos. C-160265 and C-160409, 2017-Ohio-2953, ¶ 14, citing *Blodgett v. Blodgett*, 49 Ohio St.3d 243, 245, 551 N.E.2d 1249 (1990). "If the appellant fails to obtain a stay of the judgment, the nonappealing party has the right to attempt to satisfy its judgment, even though the appeal is pending." *Baird* at ¶ 15. If the judgment is satisfied, the appeal must be dismissed because the issues presented for appeal have become moot. *Id.*

{¶4} Obtaining satisfaction through garnishment proceedings is considered a "voluntary" payment. In order to avoid execution on the judgment, a stay of execution must be obtained and a supersedeas bond or its equivalent must be posted. In the event a judgment is satisfied through garnishment or attachment, any pending appeal is deemed moot and dismissal of the appeal is the appropriate remedy. * * * It is the appellant's responsibility to ensure the stay is obtained in order to preserve appellate review.

(Citations omitted.) *O'Donnell v. Northeast Ohio Neighborhood Health Servs., Inc.,* 8th Dist. Cuyahoga No. 108541, 2020-Ohio-1609, ¶ 42, quoting *Cleveland v. Spears,* 8th Dist. Cuyahoga No. 107841, 2019-Ohio-3041, ¶ 8-9; *see Treasurer of Cuyahoga Cty., Ohio v. Robshir Properties, L.L.C.,* 8th Dist. Cuyahoga Nos. 107056 and 107289, 2019-Ohio-535, ¶ 36-37 (appellant's appeal was moot where the trial court entered judgment of forfeiture in favor of the treasurer of Cuyahoga County due to appellant's failure to pay real estate taxes and appellant failed to file motion to stay execution of forfeiture of his property).

{¶5} Gingrich never obtained a stay of execution or posted a supersedeas bond, so the state's garnishment of her wages resumed once the trial court overruled her objections. On September 19, 2019, the state filed satisfactions of judgments. Gingrich's appeal is moot because she did not request or obtain a stay of execution or post a supersedeas bond, and the judgments have been satisfied. Thus, her appeal must be dismissed.

*Appeal dismissed.*

**MOCK, P.J.,** and **WINKLER, J.,** concur.


Please note:

The court has recorded its own entry on the date of the release of this opinion.