[Cite as *B.G. Staffing, L.L.C. v. LanceSoft Inc.*, 2022-Ohio-2963.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| B.G. STAFFING, LLC, d.b.a. AMERICAN PARTNERS, | : | APPEAL NO. C-210511 TRIAL NO. A-1905637 |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | : | |
| | : | *O P I N I O N.* |
| LANCESOFT INC., d.b.a. ZANETT COMMERCIAL SOLUTIONS INC., | : | |
| Defendant-Appellant. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Appeal Dismissed

Date of Judgment Entry on Appeal: August 26, 2022

*Isaac Wiles & Burkholder LLC* and *Dale D. Cook,* and *Sander Law LLC* and *Neil C. Sander,* for Plaintiff-Appellee,

*Koehler Fitzgerald, LLC*, and *Timothy J. Fitzgerald*, for Defendant-Appellant.

**BOCK, Judge.**

{¶1} Defendant-appellant LanceSoft Inc., d.b.a. Zanett Commercial Solutions, Inc., ("LanceSoft") appeals the trial court's judgment denying LanceSoft's Civ.R. 60(B) motion for relief from a default judgment granted in favor of plaintiff-appellee B.G. Staffing LLC, d.b.a. American Partners ("B.G. Staffing"). In response, B.G. Staffing maintains that the matter became moot upon the satisfaction of the default judgment through garnishment, and the release of the garnished funds. We agree and dismiss this appeal as moot.

## I. Facts and Procedure

{¶2} In 2017, B.G. Staffing provided services to Zanett Commercial Solutions ("Zanett"). Dennis Harkins, the former president and chief financial officer of Zanett's parent company, approved all invoices related to those services. When Zanett failed to pay, B.G. Staffing sued KPMG LLP, d.b.a Zanett Commercial Solutions, Inc., ("KMPG") for $145,460 in damages in Franklin County, Ohio. Upon learning that Zanett was not a subsidiary of KMPG, B.G. Staffing amended its complaint to dismiss KPMG and named LanceSoft—Harkins's current company—as the defendant. The amended complaint sought damages through an action on account and theories of unjust enrichment and quantum meruit.

{¶3} B.G. Staffing's initial attempt to serve LanceSoft at a Cincinnati, Ohio, address was refused. But in June 2019, B.G. Staffing successfully served LanceSoft's statutory agent, Daniel Kelley, with the summons and complaint. When LanceSoft failed to respond, B.G. Staffing filed a motion for a default judgment. B.G. Staffing attached an "affidavit of debt," signed by Kari Vincent, who stated, based on her "personal knowledge and information contained within said business records," that

LanceSoft "ordered and received goods and/or services from the Plaintiff but has failed to pay for the same." B.G. Staffing served LanceSoft's statutory agent with a copy of its motion. Before ruling on the motion, the Franklin County court transferred the case to the Hamilton County Court of Common Pleas ("trial court") under Civ.R. 3(C).

{¶4} In March 2020, the trial court granted the default judgment for $145,460, "plus costs and interest at the rate of 4%." In June 2020, B.G. Staffing initiated garnishment proceedings and served two LanceSoft customers, and LanceSoft, with the garnishment orders. On July 7, one of LanceSoft's customers deposited $160,042.67 with the Hamilton County Clerk of Courts. Ten days later, the clerk disbursed $157,954.24 to B.G. Staffing's counsel. The following month, B.G. Staffing filed a satisfaction of judgment.

{¶5} But in October 2020, LanceSoft filed a motion to vacate the default judgment as void for lack of personal jurisdiction, or for relief under Civ.R. 60(B)(1) and (5). In support, LanceSoft attached affidavits from Harkins and its attorney, who maintained that LanceSoft "first learned of the judgment against it from [two of its] customers." B.G. Staffing opposed the motion. LanceSoft replied with a second affidavit from Harkins.

{¶6} The trial court rejected LanceSoft's jurisdictional challenge, but reserved ruling on LanceSoft's Civ.R. 60(B) claims until after an evidentiary hearing. At the first hearing, the trial court stated that it "believe[d] the Defendant LanceSoft has made an adequate showing of the first two elements of the Rules requirements and the only issue is whether or not there was excusable neglect." At the second hearing, Harkins testified and affirmed the statements previously made in affidavits—that he was personally familiar with the charges incurred by Zanett. Harkins acknowledged

3

that "the registered agent for service of process retained by LanceSoft in Ohio accepted as many as three pieces of mail from court clerks in connection" with B.G. Staffing's lawsuit. And Harkins acknowledged that he received the motion for a default judgment mailed to LanceSoft in August 2019, but "did not pass this along to our outside general counsel because it seemed erroneous."

**{¶7}** The trial court denied LanceSoft's Civ.R. 60(B) motion. It found LanceSoft's neglect was inexcusable under Civ.R. 60(B)(1) and rejected LanceSoft's Civ.R. 60(B)(5) claim, finding "no indication whatsoever that [B.G. Staffing]'s counsel perpetrated a fraud upon the court." LanceSoft appealed and asked the trial court to stay the disbursement of funds pending appeal. The trial court denied that motion.

## II. Law and Analysis

### LanceSoft's Appeal is Moot

**{¶8}** As a threshold matter, B.G. Staffing maintains that this appeal is moot. We begin with the principle "that a court cannot entertain jurisdiction over a moot controversy." *Paige v. Ohio High School Athletic Assn.*, 2013-Ohio-4713, 999 N.E.2d 1211, ¶ 7 (1st Dist.). That is so because we "need not render an advisory opinion on a moot question or rule on a question of law that cannot affect matters at issue in a case." *Hempen v. Bailey (In re Bailey),* 1st Dist. Hamilton Nos. C-040014 and C-040479, 2005-Ohio-3039, ¶ 9. In other words, an appeal is moot if the " ' "issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." ' " *State ex rel. Gaylor, Inc. v. Goodenow*, 125 Ohio St.3d 407, 2010-Ohio-1844, 928 N.E.2d 728, ¶ 10, quoting *Los Angeles Cty. v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979), quoting *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969).

4

{¶9} This court has recognized that a voluntary payment and satisfaction of judgment " 'puts an end to the controversy, and takes away * * * the right to appeal or prosecute error or even to move for vacation of judgment.' " *Wiest v. Wiegele*, 170 Ohio App.3d 700, 2006-Ohio-5348, 868 N.E.2d 1040, ¶ 12 (1st Dist.), quoting *Rauch v. Noble*, 169 Ohio St. 314, 316, 159 N.E.2d 451 (1959). And we have acknowledged that " ' "[o]btaining satisfaction through garnishment proceedings is considered a 'voluntary payment.' " ' " *State Dept. of Taxation v. Gingrich*, 1st Dist. Hamilton No. C-190455, 2020-Ohio-3794, ¶ 3, quoting *O'Donnell v. Northeast Ohio Neighborhood Health Servs.*, 8th Dist. Cuyahoga No. 108541, 2020-Ohio-1609, ¶ 42, quoting *Cleveland v. Spears*, 8th Dist. Cuyahoga No. 107841, 2019-Ohio-3041, ¶ 8-9.

{¶10} B.G. Staffing maintains that this appeal is moot because LanceSoft never requested or obtained a stay of execution of the default judgment before B.G. Staffing filed its satisfaction of judgment. We agree. Under Civ.R. 62(A), LanceSoft could have moved "any time after judgment [to] stay the execution of that judgment or stay any proceedings to enforce the judgment until * * * moving for relief from judgment or order under Civ.R. 60." A party's motion to stay the execution of judgment is significant because without a request before the satisfaction of that judgment, that satisfaction is considered voluntary. *See Carlson v. City of Cincinnati*, 1st Dist. Hamilton No. C-190631, 2020-Ohio-4685, ¶ 12 ("Because Rick Carlson did not seek a stay of the judgment and did not post a bond, and the city then entered a satisfaction of judgment as to Rick Carlson, the record indicates that Rick Carlson's appeal is moot."). At that point, a "reversal of th[e] order generally affords no real relief." *Id.* at ¶ 11, quoting *Kevin O'Brien & Assocs. v. Baum*, 10th Dist. Franklin No. 03AP-1010, 2004-Ohio-2713, ¶ 8.

**{¶11}** Here, B.G. Staffing served LanceSoft's statutory agent with copies of the amended complaint and the motion for a default judgment. Harkins, LanceSoft's president and chief operating officer, knew about the proceedings before any money was garnished, before any money was disbursed to B.G. Staffing, and before B.G. Staffing entered the satisfaction of judgment into the record. Finally, LanceSoft failed to request a stay before B.G. Staffing's counsel disbursed the funds to B.G. Staffing. While LanceSoft did seek a stay in October 2021, the judgment was already satisfied, the funds were disbursed, and there was nothing left to stay. LanceSoft's belated request does not negate the company's inaction before the satisfaction of judgment or disbursement of the funds to B.G. Staffing. As a result, an order from this court would afford LanceSoft no real relief. Therefore, this appeal is moot.

**{¶12}** In response, LanceSoft maintains that it never voluntarily yielded to the garnishment or disbursement of funds. Instead, LanceSoft argues that it lacked knowledge of the judgment and "was in no position to move for or obtain a stay before the funds were garnished in early July 2020." In support, LanceSoft relies on *Urban v. Folan*, 9th Dist. Summit No. 29826, 2021-Ohio-3452, ¶ 13. But in *Urban,* the mortgage holder's satisfaction of judgment was involuntary, and the appeal was not moot, because the mortgage holder was never served with the court documents related to the sale of real property. *Id.* at ¶ 4. Without knowledge of the sale of the property, "it was not actually possible for [the mortgage holder] to seek a timely stay of the distribution of proceeds from the sale of real property." *Id.* at ¶ 13. In contrast to *Urban,* the record demonstrates that LanceSoft had knowledge of the default judgment proceedings as early as August 2019, when its statutory agent received

notice of B.G. Staffing's motion for a default judgment. And LanceSoft knew in June 2020 that its customers had received garnishment orders from the trial court.

{¶13} Finally, LanceSoft argues that B.G. Staffing should be estopped from raising its mootness argument because B.G. Staffing's trial counsel held the garnished funds while LanceSoft's Civ.R. 60(B) motion was pending, which allegedly led LanceSoft's trial counsel to believe there was no need to move for a stay. But the flaw in this argument is that there is no evidence in the record of any misrepresentation by B.G. Staffing. A party alleging estoppel must show "(1) a factual misrepresentation; (2) that the misrepresentation is misleading; (3) that the misrepresentation induced actual reliance which was reasonable and in good faith; and (4) that it caused detriment to the relying party." *Hoeppner v. Jess Howard Elec. Co.,* 150 Ohio App.3d 216, 2002-Ohio-6167, 780 N.E.2d 290, ¶ 43 (10th Dist.), citing *Romine v. Ohio State Hwy. Patrol*, 136 Ohio App.3d 650, 654, 737 N.E.2d 586 (10th Dist.2000). Because LanceSoft has not identified any facts in the record demonstrating an effort or misrepresentation by B.G. Staffing to prevent LanceSoft from filing a stay, LanceSoft's estoppel argument fails.

### III. Conclusion

{¶14} This appeal is moot because LanceSoft yielded to the satisfaction of B.G. Staffing's default judgment and failed to request a stay of execution of that default judgment. Thus, we dismiss LanceSoft's appeal.

*Appeal dismissed.*

**MYERS, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.

7