[Cite as *Cleveland Elec. Illum. Co. v. Mabrey-Johnson*, 2024-Ohio-5763.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| THE CLEVELAND ELECTRIC ILLUMINATING COMPANY, | CASE NO. 2023-L-061 |
| Plaintiff-Appellee, | Civil Appeal from the Court of Common Pleas |
| - vs - | |
| ROSE MARIE MABREY-JOHNSON, | Trial Court No. 2017 CV 001111 |
| Defendant, | |
| TYRIEK DEANDRE JOHNSON, | |
| Defendant-Appellant. | |

## MEMORANDUM OPINION

Decided: December 9, 2024
Judgment: Appeal dismissed

*Amanda R. Yurechko*, Weltman, Weinberg & Reis Co., LPA, 965 Keynote Circle, Cleveland, OH 44131 (For Plaintiff-Appellee).

*Jeffrey F. Slavin*, 26727 Fairmount Boulevard, Beachwood, OH 44122 (For Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} Appellant, Tyriek Deandre Johnson ("Johnson"), appeals the judgment of the Lake County Court of Common Pleas denying his Civ.R. 60(B) motion to vacate the default judgment granted against him and in favor of Appellee, the Cleveland Electric Illuminating Company ("CEI"), in the amount of $14,259.29 plus interest at the statutory rate.

**{¶2}** CEI filed a motion to dismiss Johnson's appeal as moot because the default judgment has been satisfied. Johnson filed an opposition to CEI's motion, and CEI filed a reply. For the reasons that follow, we grant CEI's motion and dismiss this appeal as moot.

### Substantive and Procedural History

**{¶3}** On July 10, 2017, CEI filed a civil complaint in the Lake County Court of Common Pleas against Rose Marie Mabrey-Johnson ("Mabrey-Johnson") and Johnson. CEI alleged that on October 8, 2016, Mabrey-Johnson negligently operated Johnson's vehicle and caused damage to CEI's facility in Wickliffe, Ohio, in the amount of $14,259.29. CEI further alleged that Johnson negligently entrusted his vehicle to Mabrey-Johnson. On November 2, 2017, CEI obtained a default judgment against Mabrey-Johnson in the foregoing amount plus interest at the statutory rate.

**{¶4}** On February 2, 2018, the trial court filed an entry notifying CEI that it would dismiss the case against Johnson for want of prosecution unless CEI took further action within ten days. On February 20, 2018, CEI filed a motion for default judgment against Johnson. On February 23, 2018, the trial court granted default judgment against Johnson in the amount of $14,259.29 plus interest at the statutory rate.

**{¶5}** Five years later, on February 23, 2023, CEI filed a motion to garnish Johnson's earnings, which the trial court granted on February 28, 2023. On March 6, 2023, Johnson filed a pro se request for a hearing. On March 9, 2023, Johnson appeared through counsel and filed a Civ.R. 60(B) motion to vacate the default judgment against him. Johnson noted that CEI had filed its motion for default judgment beyond the court's 10-day deadline. CEI opposed Johnson's motion, and Johnson filed a reply. The trial

2

court held a hearing and heard argument on Johnson's motion to vacate. On May 4, 2023, the trial court filed a judgment entry denying Johnson's motion.

{¶6} On May 31, 2023, Johnson filed a notice of appeal from the trial court's denial. The clerk of courts filed the record on July 10, 2023, and Johnson filed his appellate brief on July 28, 2023. On August 10, 2023, CEI filed a notice indicating that Johnson had filed for bankruptcy. On August 14, 2023, this court stayed the instant proceedings.

{¶7} On October 3, 2024, this court dissolved the stay because Johnson's bankruptcy case had been closed. We ordered CEI to file an answer brief within 20 days and scheduled a status conference before the magistrate for October 29, 2024. CEI did not file an answer brief.

{¶8} On October 31, 2024, CEI filed a satisfaction of judgment in the trial court. On November 1, 2024, CEI filed a motion to dismiss Johnson's appeal in this court, arguing that Johnson's voluntary satisfaction of the judgment rendered his appeal moot. Johnson filed an opposition, conceding that the default judgment was satisfied through the garnishment of his wages. However, he argued that he has a "legal right to a decision on his appeal" and that CEI will have to return the garnished funds if his appeal is successful. CEI filed a reply, noting that Johnson presented no legal authority to support his position.

**Analysis**

{¶9} In *Blodgett v. Blodgett*, 49 Ohio St.3d 243 (1990), the Supreme Court of Ohio held as follows:

> It is a well-established principle of law that a satisfaction of judgment renders an appeal from that judgment moot. "'Where the court rendering

3

judgment has jurisdiction of the subject-matter of the action and of the parties, and fraud has not intervened, *and the judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away from the defendant the right* to appeal or prosecute error or *even to move for vacation of judgment.'" Rauch v. Noble* (1959), 169 Ohio St. 314, 316, . . . quoting *Lynch v. Lakewood City School Dist. Bd. of Edn.* (1927), 116 Ohio St. 361, . . . paragraph three of the syllabus.

(Emphasis added.) *Id*. at 245.

{¶10} Stated differently, "if the nonappealing party is successful in obtaining satisfaction of the judgment, the appeal must be dismissed because the issues raised in the appeal have become moot." *Hagood v. Gail*, 105 Ohio App.3d 780, 785 (11th Dist. 1995); *accord Marotta Bldg. Co. v. Lesinski*, 2005-Ohio-558, ¶ 18 (11th Dist.); *Bestway Masonry Co. v. Gerson*, 2011-Ohio-771, ¶ 5 (11th Dist.); *CitiMortgage, Inc. v. Snide*r, 2016-Ohio-8111, ¶ 14 (11th Dist.). This principle applies equally to an appeal involving a motion to vacate a satisfied judgment. *See, e.g., Ziegler v. Burton Carol Mgmt.*, 2015-Ohio-713, ¶ 3 (11th Dist.); *Sunkin v. Collision Pro, Inc.*, 2007-Ohio-6046, ¶ 19 (9th Dist.); *B.G. Staffing, LLC v. LanceSoft Inc.*, 2022-Ohio-2963, ¶ 10 (1st Dist.).

{¶11} The record demonstrates that CEI successfully obtained satisfaction of its judgment by garnishing Johnson's wages. This court has held that satisfying a judgment through garnishment constitutes a "voluntary" payment. *Bestway Masonry* at ¶ 7; *Petersen v. Petersen, Inc. v. DiNardo*, 2018-Ohio-2585, ¶ 6, 11 (11th Dist.). In his opposition, Johnson contends that he has a "legal right to a decision on his appeal" and that CEI will have to return the garnished funds should his appeal be successful. However, Johnson cites no authority in support of his assertions.

4

Case No. 2023-L-061

{¶12} Based on the foregoing legal authority, Johnson's appeal is moot and must be dismissed. Accordingly, CEI's motion to dismiss is granted, and this appeal is dismissed as moot.

MATT LYNCH, J.,

ROBERT J. PATTON, J.,

concur.